07 CV 6482

BRADFORD H. BERNSTEIN, Esq.
LAW OFFICES OF SPAR & BERNSTEIN, P.C.
225 Broadway, Suite 512
New York, NY 10007
Telephone: (212) 227-3636
Telefax: (212) 227-3030
Attorneys for Petitioner

JUDGE RAKOFF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
JUL 17 2007
U.S.D.C. S.D.N.Y.
CASHIERS

**JOYCE E. THOMPSON**
A037-088-033,
Petitioner,

-against-

**MARY ANN GANTNER**, District Director, New York, United States Immigration and Customs Enforcement, Department of Homeland Security;
**MICHAEL CHERTOFF**, Secretary of Department of Homeland Security, Washington, D.C., Department of Homeland Security;
**ALBERTO GONZALES**, Attorney General of the United States of America, Washington, D.C., United States Department of Justice.

Respondents.

Agency No.:______________

COPY RECEIVED
AUG 13 2007
U.S. ATTORNEY'S SDNY

**PETITION FOR *DE NOVO* REVIEW**

BRADFORD H. BERNSTEIN, Esq.
LAW OFFICES OF SPAR & BERNSTEIN, P.C.
225 Broadway, Suite 512
New York, NY 10007
Telephone: (212) 227-3636
Telefax: (212) 227-3030
Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **JOYCE E. THOMPSON**<br>A037-088-033,<br>Petitioner,<br><br>-against-<br><br>**MARY ANN GANTNER**, District Director, New York, United States Immigration and Customs Enforcement, Department of Homeland Security;<br>**MICHAEL CHERTOFF**, Secretary of Department of Homeland Security, Washington, D.C., Department of Homeland Security;<br>**ALBERTO GONZALES**, Attorney General of the United States of America, Washington, D.C., United States Department of Justice.<br><br>Respondents. | ) | ____________________<br><br>Agency No.:____________ |

**PETITION FOR *DE NOVO* REVIEW**

Petitioner, **JOYCE E. THOMPSON**, (hereinafter referred to as "Petitioner"), through undersigned counsel BRADFORD H. BERNSTEIN, of the Law Offices of Spar & Bernstein, P.C., 225 Broadway, Suite 512, New York, NY 10007, hereby respectfully petitions the Court for *de novo* review of the decisions of the United States Citizenship and Immigration Services, Department of Homeland Security, (hereinafter referred to as "the Service"), dated January 29, 2005, and April 19, 2007, (copies of decisions attached), denying Petitioner's Application for Naturalization and denying Petitioner's Request for a Hearing on a Decision in Naturalization Proceedings, pursuant to the provisions of the Immigration and Nationality Act (hereinafter referred to as "INA").

In support of this Petition for Review, Petitioner states the following:

**JURISDICTION**

1. The jurisdiction of this Court is based upon 8 U.S.C. § 1421(c) to review the decisions of the Service which denied the Petitioner's Application for Naturalization and Request for a Hearing on a Decision in Naturalization Proceedings.

**PARTIES**

2. Petitioner JOYCE E. THOMPSON, is a native and citizen of Jamaica. She resides in Bronx, New York, as a Lawful Permanent Resident.

3. Respondent Mary Ann Gantner is the District Director, of the United States Immigration and Customs Enforcement, New York, and this action is brought against her in her official capacity. She is the representative for the United States Immigration and Customs Enforcement, and the Attorney General in New York.

4. Respondent Michael Chertoff is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the provisions of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security under 8 C.F.R. § 2.1.

5. Respondent Alberto Gonzales is the Attorney General of the United States, Washington, D.C., and this action is brought against him in his official capacity. He is responsible under the provisions of the INA as the ultimate decision maker over operations of United States Citizenship and Immigration Services and United States Immigration and Customs Enforcement. He is also vested with the sole authority to naturalize individuals under 8 U.S.C. § 1421 (a).

**VENUE**

6. Venue properly lies before this Court pursuant to the provisions of 8 U.S.C. § 1252(b)(2), because Petitioner resides in this judicial district.

## STATEMENT OF FACTS

7. Petitioner meets all of the criteria to become a United States Citizen as follows:

- Petitioner has been a Lawful Permanent Resident of the United States for at least five years.
- Petitioner is at least eighteen (18) years old.
- Petitioner continuously resided in the United States during the five (5) years subsequent to obtaining lawful permanent resident status.
- Petitioner has resided for at least three (3) months within New York State where the petition was filed.
- Petitioner has been physically present in the United States for at least one-half of five years.
- Petitioner has continuously resided within the United States from the date her application was filed up to the present time.
- Petitioner has not been absent from the United States for a continuous period of more than one (1) year during periods of which continuous residence is required.
- Petitioner is a person of good moral character for the requisite five (5) years prior to filing and up to the present time.
- Petitioner is a law-abiding person who pays her income taxes.
- Petitioner is a person who has been employed in the United States and has family ties to the United States.
- Petitioner is a person attached to the principles of the Constitution and well disposed to the good order and happiness of the United States.

- Petitioner is willing to bear arms on behalf of the United States when required by law.
- Petitioner is willing to perform noncombat service in the Armed Forces of the United States when required by law.
- Petitioner is willing to perform work of national importance under civilian direction when required by law.
- Petitioner is not a member of any organization, association, or group whose interests are in direct contrast with the United States government, including but not limited to the Communist Party, totalitarian party, or a terrorist organization.
- Petitioner has not engaged in drug trafficking.
- Petitioner has not engaged in prostitution.
- Petitioner has not engaged in illegal gambling.
- Petitioner has never been ordered deported or removed from the United States.
- Petitioner is not currently in removal proceedings.
- Petitioner has never assisted anyone to enter the United States illegally.
- Petitioner has not committed any crimes for which she has not been arrested.
- Petitioner has never committed fraud to obtain an immigration benefit.
- Petitioner has never persecuted anyone because of race, religion, national origin, membership in a particular social group or political opinion.
- Petitioner has never advocated the overthrow of the United States government by force or violence.
- Petitioner has never been married to more than one person at a time.

- Petitioner has at least an elementary level of reading, writing, and understanding of the English language.
- Petitioner has knowledge and understanding of the fundamentals of the history and government of the United States.

8. Petitioner is a native and citizen of Jamaica, and was born in Jamaica on July 29, 1969. On April 15, 1980, Petitioner was lawfully admitted into the United States as a Lawful Permanent Resident. Petitioner currently resides at 1459 Stickney Place, Bronx, New York 10469. (See, Exhibit A, copy of Petitioner's Resident Alien Card).

9. On May 17, 1993, Petitioner was arrested in the State of Massachusetts. On November 17, 1993, the charges against the Petitioner were **dismissed**. The Complainant appealed and the Court sustained its finding of dismissal on November 15, 1994. (See, Exhibit B, copy of Disposition).

10. On September 18, 1993, Petitioner was arrested in the State of Massachusetts. On May 10, 1994, the charges against the Petitioner were **dismissed** upon payment of costs in the amount of $100.00. (See, Exhibit C, copy of Disposition).

11. On August 5, 1994, Petitioner was arrested in the State of Massachusetts. On December 23, 1994, the charges against the Petitioner were **dismissed**. (See, Exhibit D, copy of Disposition).

12. On December 8, 1994, Petitioner was convicted of a felony pursuant to 18 U.S.C. §1542. The Petitioner was sentenced to a period of thirty-six (36) months probation to expire on September 10, 1998. (See, Exhibit E, copy of Disposition).

13. By Application for Naturalization (Form N-400) received by the Service on September 15, 2003, the Petitioner applied for Naturalization. (See, Exhibit F, copy of Form N-400 and copy of Receipt Notice from the Service).

14. By Naturalization Document Request dated February 24, 2004, the Service requested that the Petitioner bring originals or certified copies of all her arrest records and court dispositions at the date of her interview. (See, Exhibit G, copy of Naturalization Document Request).

15. By Request for Applicant to Appear for Naturalization Initial Interview dated June 17, 2004, the Petitioner was scheduled to be interviewed on her Form N-400 at the Service's offices at 26 Federal Plaza, New York, New York on August 4, 2004. (See, Exhibit H, copy of Request).

16. On August 4, 2004, the Petitioner appeared for her scheduled interview accompanied by an attorney from our offices. The interviewing officer, District Adjudications Officer K. Covington requested the submission of the following document: Copy of Indictment for December 8, 1994 case to be mailed or hand-delivered by September 30, 2004.

17. By Letter dated September 28, 2004, our offices hand-delivered a letter for the attention of DAO Covington, enclosing a copy of the Indictment for the December 8, 1994 case. (See, Exhibit I, copy of letter dated September 28, 2004 hand-delivered by our office with the date stamp issued September 29, 2004 to prove timely delivery to U.S.C.I.S.).

18. Having received no further communication from the Service, by Letters dated November 30, 2004 and January 20, 2005, our offices submitted inquiries to the Service, requesting an update on the status of the Petitioner's Application for Naturalization. (See, Group Exhibit J, copies of letters).

19. By Decision of the Service dated January 29, 2005, the Service denied the Petitioner's Application for Naturalization, on the basis of lack of prosecution and lack of good moral character. Specifically, the Service stated that the Petitioner failed to deliver the requested documents by September 30, 2004 and had not established his eligibility for citizenship. (See, Copy of Service Decision dated January 29, 2005, ***supra***).

20. By Letter dated February 9, 2005, our offices submitted a Request for a Hearing on a Decision in Naturalization Proceedings under section 336 of the Act (Form N-336), informing the Service that their Decision was erroneous as the requested information was in fact submitted to the Service. (See, Exhibit K, copy of letter dated February 9, 2005 with its attachments and with date stamp issued on February 10, 2005 to prove timely delivery to U.S.C.I.S.).

21. On June 7, 2006, the Petitioner appeared for her second interview accompanied by an attorney from our offices, based on her Form N-336. By Decision dated April 19, 2007, the Service again denied Petitioner's N-400 and her Form N-336 on the basis that Petitioner pled guilty and was convicted on February 1994 for 18 U.S.C. § 1542 (False Statements on Passport Application) and was also sentenced to thirty-six (36) months probation. The Service stated that this conviction affects her eligibility to establish good moral character under the provision of § 316 of the Act.

22. Petitioner has the requisite five (5) years of good moral character prior to the filing date of her N-400 application.

23. There is no nexus between the Petitioner's five (5) years of good moral character and her 1994 conviction.

24. Petitioner's 1994 conviction is not an aggravated felony as defined by the I.N.A.

25. Petitioner submits that the Decisions of the Service are erroneous, arbitrary and capricious, and that she did in fact submit the requested documents as the attached Exhibits hereto will attest.

26. Petitioner also submits that she meets all statutory requirements for naturalization pursuant to the provisions of the INA and that she is eligible to have her Form N-400 favorably adjudicated.

Apart from the Petition for Review herein filed with this Court, there are no motions, applications, appeals or petitions now pending in any court, state or federal.

WHEREFORE, Petitioner requests that:

1. This Petition for Judicial Review be granted;

2. This Honorable Court make its own findings of fact and conclusions of law, conduct a *de novo* hearing and decide Petitioner's N-400 Application;

3. The Decisions of the Service in this matter be overturned;

4. The Court grant such other and further relief as may be appropriate.

Dated: July 9, 2007

Respectfully submitted,

LAW OFFICES OF SPAR & BERNSTEIN

By: Bradford H. Bernstein (BB- )
Attorneys for Petitioner
225 Broadway, Suite 512
New York, NY 10007
Tel: (212) 227-3636
Fax: (212) 227-3030
e-mail: brad@spar-bernstein.com

**Index No.:** **Year: 2007**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**JOYCE E. THOMPSON,**
**A037-088-033,**

**Petitioner,**

**-against-**

**MARY ANN GANTNER**, District Director, New York, United States Immigration and Customs Enforcement, Department of Homeland Security;
**MICHAEL CHERTOFF**, Secretary of Department of Homeland Security, Washington, D.C., Department of Homeland Security;
**ALBERTO GONZALES**, Attorney General of the United States of America, Washington, D.C., United States Department of Justice.

**Respondents.**

---

# PETITION FOR REVIEW

---

**SPAR & BERNSTEIN, P.C.**
**Attorneys for Petitioner**
**225 Broadway., Suite 512**
**New York, New York 10007**
**(212) 227-3636**

---

**Service of copy of the within is hereby admitted.**

**Dated: July 17, 2007**

______________________________
**Attorneys for Petitioner**

**Sir:---Please take notice**

---

**[ ] <u>Notice of Entry</u>**
**that the within is a (certified) true copy of a**
**duly entered in the office of the clerk of the within named court on**