MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: BRIAN M. FELDMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-2777
Facsimile No. (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOYCE E. THOMPSON,
A037-088-033,

                Petitioner,

      v.

MARY ANN GANTNER, District Director, New
York, United States Immigration and Customs
Enforcement, Department of Homeland Security;
MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security; and
ALBERTO GONZALES, Attorney General of
the United States of America, Washington, D.C.,
United States Department of Justice.

                Respondents.
------------------------------------------------------------ x

07 Civ. 6482 (JSR)

**ANSWER**

      Respondents Andrea Quarantillo, District Director, New York, United States Citizenship and Immigration Services, Department of Homeland Security;[1] Michael Chertoff, Secretary of the Department of Homeland Security; and Alberto Gonzales[2], Attorney General of the United

---

[1] Andrea Quarantillo has succeeded Mary Ann Gantner as the New York District Director of United States Citizenship and Immigration Services and, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, should be substituted as a defendant.

[2] Peter Keisler has succeeded Alberto Gonzales as the acting Attorney General and, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, should be substituted as a defendant.

States of America, Washington, D.C., United States Department of Justice (collectively "Respondents" or the "Government"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer the Petition for De Novo Review ("Petition") on information and belief as follows:

1. Neither admit nor deny the allegations in paragraph 1 of the Petition because they set forth conclusions of law and statements of jurisdiction to which no response is required.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Petition, except admit that Joyce E. Thompson ("Petitioner") is a native of Jamaica and is a Lawful Permanent Resident.

3. Neither admit nor deny the allegations in paragraph 3 of the Petition because they constitute Petitioner's characterization of this action to which no response is required; to the extent a response is required, deny the allegations.

4. Neither admit nor deny the allegations in paragraph 4 of the Petition because they constitute Petitioner's characterization of this action to which no response is required; to the extent a response is required, deny the allegations, except admit that Michael Chertoff is the Secretary of the Department of Homeland Security and respectfully refer the Court to the regulation cited for a true and accurate statement of its contents.

5. Neither admit nor deny the allegations in paragraph 5 of the Petition because they constitute Petitioner's characterization of this action to which no response is required; to the extent a response is required, deny the allegations and respectfully

refer the Court to the statute cited for a true and accurate statement of its contents.

6. Neither admit nor deny the allegations in paragraph 6 of the Petition because they set forth conclusions of law and statements of venue to which no response is required.

7. Deny the allegations in paragraph 7 of the Petition.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Petition, except admits that Petitioner was born in Jamaica on July 29, 1969, and that Petitioner was admitted into the United States as a Lawful Permanent Resident on April 15, 1980.[3]

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Petition.[4]

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Petition.[5]

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Petition.[6]

12. Deny the allegations in paragraph 12 of the Petition, except aver that, on or about

---

[3] Paragraph 8 of the Petition references an exhibit A. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

[4] Paragraph 9 of the Petition references an exhibit B. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

[5] Paragraph 10 of the Petition references an exhibit C. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

[6] Paragraph 11 of the Petition references an exhibit D. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

        June 12, 1995, Petitioner pled guilty to violating 18 U.S.C. § 1542, and that, on September 11, 1995, the United States District Court for the District of Massachusetts imposed a sentence of 36 months probation.[7]

13.     Deny the allegations in paragraph 13 of the Petition, except admit that, by letter dated September 12, 2003, Petitioner submitted an application for Naturalization.[8]

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.[9]

15.     Admit the allegations in paragraph 15 of the Petition.[10]

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Petition, except admit that Petitioner was interviewed on August 4, 2004, and that the Government requested that, by September 30, 2004, Petitioner deliver the Government a copy of the indictments for her December 8, 1994 arrest.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admit that Petitioner delivered documents

---

[7] Paragraph 12 of the Petition references an exhibit E. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

[8] Paragraph 13 of the Petition references an exhibit F. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

[9] Paragraph 14 of the Petition references an exhibit G. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

[10] Paragraph 15 of the Petition references an exhibit H. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

under a cover sheet, which was stamped received on September 29, 2004.[11]

18. Deny the allegations in paragraph 18 of the Petition, except admit that Petitioner submitted a letter dated January 20, 2005, and respectfully refer the Court to the document referenced for an accurate statement of its contents.[12]

19. Neither admit nor deny the allegations in paragraph 19 of the Petition because they are Petitioner's characterizations of a document, except admit that, by a decision dated January 29, 2005, the Government denied Petitioner's application for naturalization, and respectfully refer the Court to the document referenced for an accurate statement of its contents.

20. Neither admit nor deny the allegations in paragraph 20 of the Petition because they are Petitioner's characterizations of a document, and respectfully refer the Court to the document referenced for an accurate statement of its contents.[13]

21. Neither admit nor deny the allegations in paragraph 21 of the Petition because they are Petitioner's characterizations of a document, except admit that Petitioner was interviewed on June 7, 2006, and that, by a decision dated April 19, 2007, the Government denied Petitioner's application for naturalization.

22. Deny the allegations in paragraph 22 of the Petition.

---

[11] Paragraph 17 of the Petition references an exhibit I. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

[12] Paragraph 18 of the Petition references an exhibit J. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

[13] Paragraph 20 of the Petition references an exhibit K. However, no exhibit was attached to the Petition served upon Respondents, or the Petition as filed electronically with the Court.

23. Deny the allegations in paragraph 23 of the Petition.

24. Neither admit nor deny the allegations in paragraph 24 of the Petition because they constitute conclusions of law, to which no response is required; to the extent a response is required, deny the allegations.

25. Deny the allegations in paragraph 25 of the Petition.

26. Deny the allegations in paragraph 26 of the Petition.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered paragraph on the bottom of page 10 of the Petition.

28. Paragraphs 1 through 4 on page 11 of the Petition, following the word "WHEREFORE," contain Petitioner's prayer for relief, to which no response is required; to the extent that a response is required, deny the allegations in these paragraphs.

## DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over all or some of the claims in the Petition.

### SECOND DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Petitioner is not eligible for naturalization because she lacks the requisite good moral character.

WHEREFORE, the Government demands judgment dismissing the Petition and granting such other and further relief as this Court deems proper, including its costs and disbursements.

Dated: New York, New York
       October 12, 2007

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for Respondents

By:    /s/ Brian M. Feldman
        BRIAN M. FELDMAN
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone No. (212) 637-2777
        Facsimile No. (212) 637-2717